**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 28, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

TIMOTHY SEPI,

    Plaintiff - Appellant,

and

WHYTE MONKEE PRODUCTIONS,
LLC,

    Plaintiff,

v.

NETFLIX, INC.; ROYAL GOODE
PRODUCTIONS, LLC,

    Defendants - Appellees.

No. 22-6177
(D.C. No. 5:20-CV-00933-D)
(W.D. Okla.)

_____

WHYTE MONKEE PRODUCTIONS,
LLC; TIMOTHY SEPI,

    Plaintiffs - Appellants,

v.

NETFLIX, INC.; ROYAL GOODE
PRODUCTIONS, LLC,

    Defendants - Appellees.

No. 22-6199
(D.C. No. 5:20-CV-00933-D)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore

_____

Before **HARTZ**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

_____

Plaintiffs-Appellants Timothy Sepi and Whyte Monkee Productions, LLC appeal the awards of costs and attorney fees in favor of Defendants-Appellees Netflix, Inc. and Royal Goode Productions, LLC. Eight videos recorded by Mr. Sepi were used by Defendants in a documentary series called *Tiger King: Murder, Mayhem and Madness*. Plaintiffs sued, alleging copyright infringement. On April 27, 2022, the district court granted Defendants' motion for summary judgment and entered judgment in their favor, holding that Plaintiffs had no copyright in seven of the videos because they were works made for hire, and that Defendants' use of the eighth was fair use. Both plaintiffs filed a timely notice of appeal of this order on May 26, 2022, docketed in this court as Appeal No. 22-6086.

On June 1, 2022, Defendants filed a motion for an award of attorney fees under the Copyright Act, which the district court granted in part on September 30, 2022. On October 25, 2022, Sepi—but not Whyte Monkee—filed a timely notice of appeal with regard to "all appealable orders and judgments" of the district court, including the attorney-fee award. Fee App., Vol. 1 at 221. This appeal was docketed in this court as Appeal No. 22-6177.

_____

ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On October 4 Defendants moved for a review of the taxation of costs, which the district court partially granted on November 14, increasing the award of costs. On November 24 both Sepi and Whyte Monkee filed an "Amended Notice of Appeal," again appealing "all appealable orders and judgments" of the district court, including its order on costs.[1] *Id.* at 235. That appeal was docketed as Appeal No. 22-6199. We consolidated Appeal Nos. 22-6177 and 22-6199 in a November 30, 2022 order.[2]

In the merits case this court reversed the district court's summary-judgment order that Defendants' use of Plaintiffs' eighth video was fair use and remanded for further proceedings. *See Whyte Monkee Prods., LLC v. Netflix, Inc.*, No. 22-6086 (10th Cir. March 27, 2024). On this appeal, Plaintiffs argued that if we reversed the judgment on the merits, we must vacate the awards of attorney fees and costs as well. Defendants did not present any argument to the contrary. Accordingly, we vacate the awards of attorney fees and costs and remand for further proceedings on those issues following resolution of Plaintiffs' merits case on remand. *See Unit Drilling Co. v. Enron Oil & Gas Co.*, 108 F.3d 1186, 1194 (10th Cir. 1997) ("In light of our disposition of this case [reversing judgment on the merits and remanding for a new trial], we vacate the awards [of attorney fees and costs] and remand the issues for

---

[1] The amended notice of appeal was timely as to the award of costs; but because it was filed more than 30 days after the order granting attorney fees, it was not timely with respect to the attorney-fee award. *See* Fed. R. App. P. 4(a)(1)(A) (requiring notice of appeal in a civil case to be filed within 30 days after entry of the order appellant seeks to appeal). Sepi's October 25 notice of appeal, however, was timely with respect to the award of attorney fees.

[2] Appeal No. 22-6086 concerned Plaintiffs' challenge to the judgment. The consolidated appeals concern only attorney fees and costs.

further consideration by the district court[.]"). Defendants' motion to take judicial

notice of the briefs and oral arguments in the merits case is dismissed as moot.

We **REVERSE** the awards of attorney fees and costs and **REMAND** for

further proceedings.

Entered for the Court


Harris L Hartz
Circuit Judge